CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 23 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANGELO WILLIAMS, ) | | Civil Action No. 7:09-cv-00470 |
| Petitioner, ) | | |
| ) | | |
| v. ) | | MEMORANDUM OPINION |
| ) | | |
| GENE M. JOHNSON, ) | | By: Hon. James C. Turk |
| Respondent. ) | | Senior United States District Judge |

Angelo Williams, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his conviction was obtained in violation of his constitutional rights. Respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, the court grants the respondent's motion to dismiss.

I.

Petitioner is currently confined pursuant to a final order of the Circuit Court for the City of Lynchburg dated February 9, 2007, convicting him of one count each of abduction, robbery, assault and battery against a family member (third offense), and an attempt to suborn perjury. The trial court sentenced him to serve an aggregate sentence of 19 years incarceration in accordance with a jury verdict. Petitioner appealed to the Court of Appeals of Virginia, which denied his petition for appeal on September 20, 2007. The Supreme Court of Virginia thereafter denied his petition for appeal on May 2, 2008. Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia on or about May 5, 2009. The Supreme Court of Virginia denied the petition and a subsequent petition for rehearing on October 9, 2009, and January 19, 2010, respectively.

Petitioner then timely filed the instant federal habeas petition. Petitioner alleges that his

trial counsel provided ineffective assistance for failing to challenge the trial court's subject matter jurisdiction, his appellate counsel was similarly ineffective, and his convictions are void for lack of subject matter jurisdiction. Petitioner argued these claims to the Supreme Court of Virginia in his state habeas petition.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme]

---

[1]Moreover, a federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Respondent acknowledges that petitioner exhausted his state court remedies for his present claims.

2

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings can not be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. ___, 130 S. Ct. 841, 849 (Jan. 20, 2010). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

Petitioner argues in his first and second claims that his trial and appellate counsel were ineffective for not arguing that the Circuit Court for the City of Lynchburg did not have subject matter jurisdiction over the crimes for which he was convicted. Specifically, he alleges that there was no affirmative proof at trial that the crimes occurred in the Commonwealth of Virginia. Petitioner relies on Owusu v. Commonwealth, 11 Va. App. 671, 401 S.E.2d 431 (1991), and its progeny in support of his argument that he is entitled to federal habeas relief.

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation."

Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978). The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

The Supreme Court of Virginia rejected petitioner's claims that counsel were ineffective and the trial court lacked subject matter jurisdiction because the crimes allegedly did not occur within Virginia. The Supreme Court of Virginia noted that:

> The record, including the trial transcript and the trial exhibits, demonstrates that the offenses occurred at "1500 Longview" in Apartment 184 and that letters that petitioner later wrote to one of the victims at that apartment showed that the address was in Lynchburg, Virginia. Additionally, the record, including the indictments, demonstrates that a grand jury found that the criminal offenses petitioner was later convicted of occurred in the City of Lynchburg.

Williams v. Warden, No. 090899, slip op. at 2 (Va. Oct. 9, 2009). The Supreme Court of Virginia also stated that Virginia Code § 17.1-513 "gives circuit courts jurisdiction over all felonies committed in the Commonwealth" and Virginia Code § 19.2-239 "gives circuit courts jurisdiction over all offenses committed within their respective circuits." Id. The Supreme Court of Virginia further noted that "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." Id. at 2-3. The Supreme Court of Virginia therefore concluded that petitioner failed to demonstrate that counsel performed deficiently, pursuant to Strickland. Id. at 3.

The Supreme Court of Virginia's adjudication of these claims were not contrary to, or an unreasonable application of, a clearly established federal law or based on an unreasonable determination of facts. The evidence adduced at trial established that the criminal events transpired in Lynchburg, Virginia. See Tr. Tran. 140, 147-49, 162, 166; Tr. Ex. 13, 14. Furthermore, appellate counsel is not obligated to assert all nonfrivolous issues on appeal but may select the most promising issues for review. Jones v. Barnes, 463 U.S. 745, 752 (1983). Accordingly, appellate counsel was not ineffective for not raising an argument clearly contradicted by the record.

Alternatively, petitioner's argument that the state court lacked subject matter jurisdiction does not authorize federal review of this claim because petitioner relies on Virginia case law and the Supreme Court of Virginia determined this state-law issue. See Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) (stating that a "determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). Therefore, the court is bound by the Supreme Court of Virginia's holding that the trial court had

subject matter jurisdiction because it is a final determination of state law by the highest court of the state. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses the petition. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 30th day of August, 2010.

/s/ James C. Beaty
Senior United States District Judge